IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

CYNTHIA MULLEN and
DEBORAH JOHNSON,

      Plaintiffs,

v.

THE CENTER AT LINCOLN, LLC,

      Defendant.

---

## COMPLAINT

---

Plaintiffs Cynthia Mullen and Deborah Johnson, by and through their attorneys, the Civil Rights Education and Enforcement Center, hereby bring this Complaint against The Center at Lincoln, LLC.

## INTRODUCTION

1.     Plaintiff Cynthia Mullen is Deaf and her primary language is American Sign Language. She spent two months at The Center at Lincoln ("The Center"), a rehabilitation facility, following foot surgery in November, 2015. Despite repeated requests, The Center did not provide Ms. Mullen a qualified sign language interpreter on any occasion during her two-month stay.

2.     Plaintiff Deborah Johnson is Ms. Mullen's partner. Ms. Johnson is hearing, and while she communicates with Ms. Mullen in sign language, she is not trained as an interpreter,

and is thus not a qualified or certified sign language interpreter.  Despite this, from time to time throughout Ms. Mullen's stay at The Center, staff there imposed on Ms. Johnson to attempt to interpret for them with Ms. Mullen.

3.    Defendant's refusal to provide qualified sign language interpreters for Ms. Mullen and its imposition on Ms. Johnson violated its obligation under the Americans with Disabilities Act, the Rehabilitation Act, and the Colorado Anti-Discrimination Act to provide effective communication for individuals with disabilities.  Because The Center refused to provide a qualified sign language interpreter, Ms. Mullen was unable to fully understand or communicate with medical personnel and other staff, causing her immense stress and fear, and negatively impacting her recovery process.  Ms. Johnson experienced stress and frustration as she was diverted from her role as supportive partner to attempt, generally unsuccessfully, to fill the role of interpreter.

## JURISDICTION AND VENUE

4.    This action arises under the laws of the United States.  Jurisdiction is conferred upon this court pursuant to 28 U.S.C. §§ 1331 and 1343 for the federal law claims, and 28 U.S.C. § 1367 for the state law claim.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all of the events giving rise to the claims occurred in the District of Colorado.

## PARTIES

6.    Plaintiff Cynthia Mullen is currently and at all times relevant to this suit has been a resident of the State of Colorado.  Ms. Mullen is an individual with a disability because she is substantially limited in major life activities, including hearing.

7.      Plaintiff Deborah Johnson is currently and at all times relevant to this suit has been a resident of the State of Colorado.  Ms. Johnson is Ms. Mullen's partner.

8.      Defendant The Center at Lincoln, LLC (the "LLC") is a Colorado limited liability company with its principal office at 12230 Lioness Way, Parker, Colorado 80134.  The LLC owns and operates The Center, a physical rehabilitation and nursing care facility in Parker, Colorado.  The Center is a place of public accommodation as that term is used in title III of the Americans with Disabilities Act, 42 U.S.C. § 12181(7)(F), and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §24-34-601.  The LLC and/or The Center are recipients of federal financial assistance as that term is used in section 504 of the Rehabilitation Act, 29 U.S.C. §794 ("Section 504").  On information and belief, The Center employs more than 15 people.

## FACTUAL ALLEGATIONS

9.      Plaintiff Mullen is deaf, and does not understand speech.  Her primary language is American Sign Language ("ASL").

10.     In order to communicate effectively with hearing strangers, in medical situations, and/or in situations that call for more than very basic language, Ms. Mullen requires the services of a qualified, certified sign language interpreter.

11.     At all relevant times, Ms. Mullen's need for a sign language interpreter has been obvious, and specifically was obvious to the medical and other personnel at The Center throughout the time she was there.

12.     On or about November 18, 2015, Ms. Mullen underwent foot surgery at the Sky Medical Center.

13.     Before Ms. Mullen arrived at The Center for rehabilitation, Ms. Mullen's partner, Plaintiff Johnson, informed Defendant that Ms. Mullen was deaf would need a sign language interpreter.

14.     On or about November 21, 2015, Ms. Mullen was admitted into The Center and no sign language interpreter was provided.

15.     Ms. Mullen was discharged from The Center on or about January 18, 2016.

16.     From time to time throughout Ms. Mullen's stay at The Center, Ms. Mullen and Ms. Johnson requested that Defendant provide sign language interpreters for Ms. Mullen for interactions with medical and other staff.

17.     On no occasion during Ms. Mullen's stay at The Center did Defendant provide a qualified sign language interpreter for her.

18.     Throughout her stay at The Center, Defendant's medical personnel including doctors, nurses and physical therapists, and other staff attempted to write notes to communicate with Ms. Mullen.  This was ineffective communication and often left Ms. Mullen uncertain of her medical condition and care and unable to communicate her condition and needs to Defendant's staff.

19.     Lack of effective communication led to subpar medical care.  For example, Ms. Mullen's dressings went unchanged for a month, even when she tried to explain that her doctor had instructed that her dressings be changed weekly.

20.     Defendant's personnel often asked Ms. Johnson, who is not a qualified sign language interpreter, to interpret for Ms. Mullen.  This was frustrating for both Ms. Mullen and Ms. Johnson, as the latter does not have the ASL vocabulary to interpret effectively, especially in

4

such a technical context.  It was also emotionally painful for both, as they are partners and needed to support each other emotionally through Ms. Mullen's recovery, rather than being forced into an interpreter/client relationship.

21.     On occasion, Defendant asked one of The Center's staff members to attempt to serve as an interpreter.  This individual was not a qualified, certified sign language interpreter, and did not interpret effectively for Ms. Mullen.

22.     Defendant denied Ms. Mullen access to communication as effective as that available to hearing patients in its facility.

23.     The actions above discriminated against Ms. Mullen on the basis of her disability.

24.     The actions above harmed both Ms. Mullen and Ms. Johnson.  Ms. Mullen was harmed by Defendant's discrimination and failure to make its aids, benefits, and services available to her on nondiscriminatory terms.  The discrimination and absence of effective communication, themselves, harmed Ms. Mullen.  In addition, she suffered emotional and physical harm from the experience of coping with her severe pain and medical needs without the communication and information essential to any patient.

25.     Defendant's discrimination described above also caused emotional harm to Ms. Johnson, who was forced into the frustrating and inappropriate role of interpreter for her partner. Defendant's actions personally denied benefits to and discriminated against Ms. Johnson, who was treated differently from companions of hearing patients based on her association with Ms. Mullen.  Among other things, unlike companions of hearing patients, she was forced to take on communications tasks that were Defendant's responsibility.

**FIRST CLAIM FOR RELIEF**
(Violations of Section 504 of the Rehabilitation Act)

26.     Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if fully set forth herein.

27.     Section 504 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as Defendant.  28 U.S.C. §794.

28.     Because she is deaf, Ms. Mullen is an individual with a disability within the meaning of Section 504.  29 U.S.C. § 705(9) (incorporating by reference 42 U.S.C. § 12102).

29.     Defendant discriminated against Ms. Mullen on the basis of disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described above.  Such discrimination includes but is not limited to the failure to provide auxiliary aids and services necessary to ensure effective communication and failure to provide aids, benefits and services as effective as those provided others.

30.     Plaintiff Mullen was qualified to participate in Defendant's aids, benefits, and services within the meaning of Section 504.

31.     Defendant denied Ms. Mullen access to its aids, benefits, and services solely on the basis of her disability, thereby violating Section 504.

32.     Defendant was aware of Ms. Mullen's need for interpreters, both because it was obvious and because she and Ms. Johnson repeatedly requested interpreters.  Despite this knowledge, Defendant continuously and repeatedly refused to provide a qualified, certified sign language interpreter.

33.     Defendant's actions described in this Complaint were intentional and/or were taken with deliberate indifference to the strong likelihood that pursuit of its questioned policies

would likely result in a violation of Ms. Mullen's rights under Section 504 and resulting harm to

both Ms. Mullen and Ms. Johnson.

34.     As a direct and proximate result of the acts, omissions, and violations alleged

above, Ms. Mullen has suffered damages, including but not limited to pain and suffering,

inconvenience, physical injury, and emotional distress and Ms. Johnson has suffered damages,

including but not limited to pain and suffering, inconvenience, and emotional distress.

35.     Plaintiffs Mullen and Johnson have been injured and aggrieved by and will

continue to be injured and aggrieved by Defendant's discrimination.

## SECOND CLAIM FOR RELIEF
(Violations of title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq*)

36.     Plaintiffs incorporate the allegations set forth in the remainder of this Complaint

as if fully set forth herein.

37.     Title III of the ADA prohibits discrimination on the basis of disability by entities

such as Defendant who own, operate, lease or lease to places of public accommodation. 42

U.S.C. § 12182(a).

38.     The Center at Lincoln is a place of public accommodation as that term is used in

title III of the ADA. 42 U.S.C. § 12181(7)(F).

39.     Ms. Mullen is an individual with a disability within the meaning of the ADA.  42

U.S.C. § 12102.

40.     Ms. Johnson is an individual associated with an individual with a disability as that

status is described in 42 U.S.C. § 12182(b)(1)(E).

41.     Defendant discriminated against Ms. Mullen on the basis of disability in violation

of title III of the ADA and its implementing regulations as more fully described above.  Such

discrimination includes but is not limited to the failure to provide auxiliary aids and services and the failure to provide communication equally effective to that provided to others.

42.     Ms. Mullen was qualified to participate in Defendant's goods, services, facilities, privileges, advantages, and accommodations within the meaning of title III of the ADA.

43.     Defendant denied Ms. Mullen services, and otherwise treated her differently on the basis of her disability, thereby violating title III of the ADA.

44.     Defendant discriminated against Ms. Johnson on the basis of her association with Ms. Mullen as more fully described above.  Among other things, unlike companions of hearing patients, she was forced to take on communications tasks that were Defendant's responsibility.

45.     Plaintiffs have both been injured and aggrieved by and will continue to be injured and aggrieved by Defendant's discrimination.

### THIRD CLAIM FOR RELIEF
(Violations of the Colorado Anti-Discrimination Act, C.R.S. § 24-34-601 *et seq.*)

46.     Plaintiffs incorporate the allegations set forth in the remainder of this Complaint as if fully set forth herein.

47.     The Center is a place of public accommodation as defined in C.R.S. § 24-34-601(1).

48.     C.R.S. § 24-34-601(2) provides in relevant part that "[i]t is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability . . . the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation . . ."

49.     By, among other things, failing to provide effective communication services to Ms. Mullen during her stay at The Center, despite their knowledge that she was Deaf, and despite her repeated requests for interpreter services, Defendant discriminated against Ms. Mullen by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of The Center in violation of C.R.S. § 24-34-601.

50.     By, among other things, forcing Ms. Johnson to take on communications tasks that were Defendant's responsibility, Defendant discriminated against Ms. Johnson by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of The Center in violation of C.R.S. § 24-34-601.

51.     Plaintiffs have both been aggrieved by Defendant's violation of C.R.S. § 24-34-601 as more fully described herein.

**WHEREFORE, Plaintiffs respectfully request:**

1.     That this Court assume jurisdiction;

2.     That this Court declare the actions of Defendant described in this Complaint to be in violation of Section 504 of the Rehabilitation Act, Title III of the Americans with Disabilities Act, and the Colorado Anti-Discrimination Act;

3.     That this Court enter an injunction ordering Defendant to cease discrimination on the basis of disability against deaf patients and their companions, including but not limited to Plaintiffs, by (among other things) establishing a procedure to ensure effective communication with persons who are deaf or hard of hearing;

4.     That this Court award Plaintiffs compensatory damages pursuant to Section 504 of the Rehabilitation Act and Section 24-34-802 of the Colorado Anti-Discrimination Act;

5.     That this Court award Plaintiffs and/or their attorneys their reasonable attorneys'

fees and costs; and

6.     That this Court award such additional or alternative relief as may be just, proper,

and equitable.

Respectfully submitted,

*s/ Amy F. Robertson*
_____
Amy F. Robertson
Civil Rights Education and Enforcement Center
104 Broadway, Suite 400
Denver, CO 80203
303.757.7901
arobertson@creeclaw.org

Attorney for Plaintiffs

Dated: December 12, 2016